1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    VIRGIL PRICE MCCURLEY,              )    1:09-cv-01300-BAK-SMS HC
                                          )
12                   Petitioner,          )    ORDER TO SHOW CAUSE WHY THE
                                          )    PETITION SHOULD NOT BE DISMISSED
13         v.                             )    FOR VIOLATION OF THE ONE-YEAR
                                          )    STATUTE OF LIMITATIONS (Doc. 1)
14                                        )
      DEPARTMENT OF CORRECTIONS           )    THIRTY DAY DEADLINE
15    AND REHABILITATION, et al.,         )
                                          )
16                   Respondents.         )
      _____)
17

18                            **PROCEDURAL HISTORY**

19         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20    pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21    July 28, 2009.  (Doc. 1).  On August 24, 2009, Petitioner filed his written consent to the jurisdiction

22    of the United States Magistrate Judge for all purposes.  (Doc. 5). A preliminary review of the

23    Petition, however, reveals that the petition may be untimely.

24                                **DISCUSSION**

25    A.  Preliminary Review of Petition

26         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

27    if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

28    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

                                          1

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

4   Cir.2001).

5          The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

6   habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

7   notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

8   Order to Show Cause, the Court is providing Petitioner with the "adequate notice" required by the

9   Ninth Circuit.

10          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

11          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

12   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

13   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

14   (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

15   (1997).  The instant petition was filed on July 28,  2009, and thus, it is subject to the provisions of

16   the AEDPA.

17          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

18   petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

19   reads:

20          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
21      limitation period shall run from the latest of –

22          (A) the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;
23

24          (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;
25

26          (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or
27

28          (D) the date on which the factual predicate of the claim or claims presented
        could have been discovered through the exercise of due diligence.

1    (2) The time during which a properly filed application for State post-conviction or
2    other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.

3    28 U.S.C. § 2244(d).

4         In most cases, the limitation period begins running on the date that the petitioner's direct

5    review became final.  Here, the Petitioner was convicted in the Fresno County Superior Court.

6    Although Petitioner does not provide the date of his conviction--indeed Petitioner provides no dates

7    whatsoever--the Court, by accessing the California court system's electronic database,[1] has

8    determined that Petitioner pursued his direct appeal in case no. F044299 in the California Court of

9    Appeal, Fifth Appellate District, and in case no. S132094, in the California Supreme Court.

10   Petitioner filed a petition for review that was denied by the California Supreme Court on April 19,

11   2005.  Thus, direct review would have concluded on July 18, 2005, when the ninety-day period for

12   seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887

13   (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347

14   (8th Cir.1998).  Petitioner would then have had one year from the following day, July 19, 2005, or

15   until July 18, 2006, absent applicable tolling, within which to file his federal petition for writ of

16   habeas corpus.   As mentioned, the instant petition was not filed until July 28, 2009, over three years

17   after the one-year limitation period would have expired.  Thus, unless Petitioner is entitled to either

18   statutory or equitable tolling, the petition is untimely and should be dismissed.

19        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20        Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

21   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

22   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

23

24        [1]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
     accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
25   1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
     may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
26   Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
     Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As
27   such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
     and the California Supreme Court are subject to judicial notice.

28

                                                        3

governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner has not alleged that he has filed any state habeas proceedings entitling him to statutory tolling sufficient to make the instant petition timely.  Indeed, the Court's review of the California courts' database does not indicate any further filings subsequent to the denial of the petition for review.  However, it is possible that Petitioner has filed such proceedings and failed to advise the Court of that fact.  If so, Petitioner, by this Order to Show Cause, will be given an

4

1   opportunity to provide documentation regarding the nature of any state habeas proceedings he has

2   filed, the Court in which such proceedings were filed, the status of those proceedings, and any

3   decisions that the state courts have issued regarding those proceedings, in order to establish that his

4   petition is timely under the AEDPA.  Petitioner should provide copies of all relevant documents in

5   his response to this Order to Show Cause.  Once the Court receives Petitioner's response, the Court

6   will determine whether Petitioner has made a sufficient showing that his petition is timely.

7                              **ORDER**

8            Accordingly, the Court HEREBY ORDERS:

9       1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

10            of this Order why the Petition should not be dismissed for violation of the one-year

11            statute of limitations in 28 U.S.C. § 2244(d).

12           Petitioner is forewarned that his failure to comply with this order may result in an order that

13   the Petition be dismissed pursuant to Local Rule 11-110.

14

15   IT IS SO ORDERED.

16   **Dated:    November 12, 2009            /s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

17
18
19
20
21
22
23
24
25
26
27
28

                              5